**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

NANSEMOND INDIAN NATION, ET. AL

      **Plaintiffs,**

    **v.**                    **CIVIL NO. 2:25-cv-195**

COMMONWEALTH OF VIRGINIA, ET. AL

      **Defendants.**

## ORDER

This matter comes before the court on Plaintiffs' <u>Ex Parte</u> Motion for a Temporary Restraining Order ("Motion"), filed on April 2, 2025. ECF No. 4. For the reasons stated below, the court **DENIES** the Motion and **DIRECTS** Plaintiffs to serve their Motion on Defendants.

**I.**

Plaintiffs filed their Complaint on April 1, 2025. ECF No. 1 (Complaint). The Complaint alleges, <u>inter alia</u>, that Defendants have unlawfully withheld payment for Medicaid claims submitted by Plaintiffs. <u>Id.</u> ¶¶ 7, 9. On April 2, 2025, Plaintiffs filed, <u>ex parte</u>, a Motion for a Temporary Restraining Order, and an accompanying Memorandum in Support. ECF Nos. 4 (Motion), 5 (Memorandum in Support). Plaintiffs filed, <u>ex parte</u>, an Amended

Memorandum in Support correcting a scrivener's error on April 4, 2025. ECF No. 12.

Plaintiffs' Motion requests that the court "[g]rant emergency relief without notice to Defendants pursuant to Rule 65(b)(1) . . . ." ECF No. 4 at 3. The relief sought is: (1) ordering Defendants to immediately process all Medicaid claims submitted by Plaintiffs on or before March 31, 2025; (2) enjoining Defendants from halting future claims unless certain conditions are met; and (3) ordering Defendants to comply with all relevant legal requirements. See id.; ECF No. 4-7 at 2-3 (Proposed Temporary Restraining Order).

Under Federal Rule of Civil Procedure 65(b)(1), the court may issue a Temporary Restraining Order ("TRO") without notice to the opposing party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A), (B) (emphasis added). As detailed below, Plaintiffs have not met the threshold requirement of subpart (B). As a result, the court does not address any aspect of subpart (A) at this juncture.

## II.

Specifically, Plaintiffs argue that an <u>ex</u> <u>parte</u> TRO is warranted because of Defendants' pattern of retaliatory behavior such that "[a]dvance notice all but invites further retaliation." ECF No. 12 at 30. However, as addressed below, this consideration is moot, as Defendants have already received advance notice that Plaintiffs would pursue the injunctive relief they are seeking.

The instant Motion was filed on April 2, 2025, after Plaintiffs filed a Complaint on the <u>public</u> <u>docket</u> on April 1, 2025.[1] <u>See</u> ECF Nos. 1, 4. The Complaint

> request[s] that this Court issue <u>immediate</u> <u>injunctive relief</u> directing Defendants to: (a) unpend all claims; (b) pay all outstanding and unlawfully withheld clean claims submitted by Fishing Point . . . [and](d) refrain from initiating and enforcing any further policies and practices that conflict with federal law or violate Fishing Point's rights under the approved Tribal Reimbursement SPA.

ECF No. 1 ¶ 319 (emphasis added). This language mirrors Plaintiffs' request in their Motion. <u>Compare</u> <u>id.</u> (Complaint),

---

[1] While a complaint must be filed to commence an action with the court, Fed. R. Civ. P. 3, under certain limited circumstances, the complaint may be filed under seal, <u>see</u> <u>generally</u> Local Civ. R. 5, at the same time as an <u>ex</u> <u>parte</u> temporary restraining order, neither of which would be reflected on the public docket until the court addresses the matter. <u>Cf.</u> <u>Stewart v. U.S. I.N.S.</u>, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); <u>KPI Bridge Oil, Ltd. v. Alfa Denizcilik Anonim Sirketi</u>, 528 F. Supp. 3d 446, 448 (E.D. Va. 2021) (Smith, J.) (<u>ex</u> <u>parte</u> complaint filed); <u>Pers. v. Mayor & City Council of Baltimore</u>, 437 F. Supp. 2d 476, 479 (D. Md. 2006) (complaint and TRO filed simultaneously under seal).

with ECF No. 4 at 3 (Motion).  Thus, Defendants already received notice that Plaintiffs would seek "immediate injunctive relief," and ruling on Plaintiffs' Motion ex parte would do nothing to protect Plaintiffs from any further alleged retaliation.[2]

Finally, not only are the reasons provided by Plaintiffs regarding why notice "should not be required" moot, but Plaintiffs' attorneys also did not "certif[y] in writing any efforts made to give notice" to Defendants regarding the ex parte Motion.  Fed. R. Civ. P. 65(b)(1)(B).  Instead, Plaintiffs' counsel "certifi[ed] that no notice [had] been given as of the time of filing," with no indication of any efforts to be made to provide notice until after the court ruled, for the reasons reviewed above which are **MOOT**.[3] See ECF No. 12 at 30.

---

[2] Moreover, it is clear that Defendants have actually received notice of the relief sought by Plaintiffs, as attorneys have filed notices of appearance for all Defendants, see ECF Nos. 6, 7, 8, 9, 11, even though Defendants were not served with the operative ex parte documents.  Additionally, the media has publicly reported on the lawsuit's filing in this court.  See, e.g., Gregory S. Schneider, Virginia Tribe Accuses Youngkin, State of Undermining Health System, WASH. POST (Apr. 2, 2025), https://www.washingtonpost.com/dc-md-va/2025/04/02/virginia-tribe-youngkin-lawsuit-medicaid/.

[3] In addition, before the undersigned judge could file this Order, but after it was fully drafted, an Order was entered granting Defendants' Unopposed Motion for Extension of Time to Respond to Complaint ("Unopposed Motion"), both filed on the afternoon of April 7, 2025.  ECF Nos. 15 (Unopposed Motion), 16 (Order).  The Unopposed Motion makes clear that Defendants are not only aware of this lawsuit, but also that counsel for Plaintiffs and Defendants are communicating by email.  ECF No. 15 at 2.

### III.

For the reasons stated herein, Plaintiffs have not met the requirements under Federal Rule of Civil Procedure 65(b)(1)(B) for an ex parte TRO. Accordingly, Plaintiffs' Ex Parte Motion for a Temporary Restraining Order, ECF No. 4, is **DENIED**. Plaintiffs are **DIRECTED** to serve the Motion for a Temporary Restraining Order, ECF No. 4, on counsel for Defendants, together with the Memorandum in Support, ECF No. 5, and the operative Amended Memorandum in Support, ECF No. 12. Proof of such service shall be publicly docketed, after which the ex parte submissions shall be unsealed by the Clerk and the parties may proceed as they deem appropriate at this juncture.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiffs and counsel who have appeared for Defendants.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
Senior United States District Judge

April 8 , 2025